STEPHENS v. CLARK.

Opinion delivered December 6, 1915.

IMPROVEMENTS—VALUE OF IMPROVEMENTS—VOID TAX SALE—COLOR OF TITLE.
—One who is in possession of land under color of title, may recover from the rightful owner thereof, the value of improvements placed thereon by his grantor and predecessor in possession.

Appeal from Izard Circuit Court; *Dene H. Coleman,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellants brought suit of ejectment against appellee for the recovery of possession of certain lands in Izard County, alleging that they were the owners thereof, as heirs to their father who homesteaded the same and died in possession thereof and that the defendant was holding said lands under the claim of being the owner thereof through certain mesne conveyances from a tax purchaser at the tax sale on June 12, 1899, which it was alleged was void for certain reasons set out.

Defendant answered, admitting being in possession of the lands, under the tax deed and mesne conveyances from the purchaser at the sale, and alleged that he had made improvements and paid taxes thereon, specifying the value of the improvements and the amount of taxes paid under color of title and believing himself to be the owner.

Testimony was introduced relative to the value of the improvements placed upon the land by the defendant and his predecessors in title since the conveyance at the tax sale, which was shown to be void.

Appellant offered some testimony tending to show that about the time that L. A. Chase, one of defendant's grantors, was in possession of the lands and when most of the improvements were made that certain waste was committed by the cutting and removing of valuable timber therefrom, but no testimony was offered showing that the waste was committed by said Chase or any of the other of defendant's grantors.

The court directed the jury to find in favor of the plaintiffs for the possession of the land, the amount found by them to be a reasonable rental value thereof for three years prior to the filing of the suit. It also submitted the question under a proper instruction as to whether the defendant and those under whom he claimed made the improvements upon the lands, honestly believing they were owners thereof at the time, under color of title and directing the jury to find the value of the improvements and the amount of taxes paid.

It also instructed the jury that the defendant was only liable for such waste as was committed by him and not chargeable with any waste which may have been committed by his predecessors.

The jury returned a verdict according to the court's direction as to the possession, found the rental value of the lands, the value of the improvements made by the defendant and his predecessors and those under whom he claimed and the amount of taxes paid, and from the judgment thereon, plaintiffs prosecute this appeal.

*John H. Woods,* for appellant.

All the issues in this case come within the statutes, as reinforced by our homestead provisions for minors. Kirby's Dig., §§ 2745 to 2753, 7976-7978, 3282-3. Appellee was not entitled to improvements under section 2761, Kirby's Digest. *Ib,* § 7095. Nor under the Betterment Act. He should be held for waste. *Ib.,* 2755, 7976-7978.

The claim for improvements should be denied and the judgment reversed and cause remanded for new trial as to the rents, waste and taxes.    50 Ark. 322; 107 *Id.* 487; 104 *Id.* 108; 98 *Id.* 320; 67 *Id.* 184; 95 *Id.* 256; 92 *Id.* 143; 102 *Id.* 191; 96 *Id.* 87; 95 *Id.* 246; 94 *Id.* 306; 85 *Id.* 211.

*F. M. Hanley* and *Bradshaw, Rhoton & Helm,* for appellees.

Plaintiffs were all barred by limitation except Wm. A. Beavers.  Kirby's Digest, § § 5056, 5061.   77 Ark. 324.  A purchaser under a void tax deed who makes improvements and pays taxes thereon, is entitled to recover for same.   99 Ark. 500; Kirby's Digest, § § 2754, 2759. The court erred in allowing all the heirs to redeem. Clark should be allowed seven-eighths of the land.   He should be charged with $100 rents, and appellants allowed for their improvements and taxes.

KIRBY, J., (after stating the facts).   It is contended that the court erred in instructing the jury that appellee, Clark, was only liable for waste committed by him upon the lands and not chargeable with any waste that may have been committed by his predecessors.

There was no testimony introduced tending to show that any of the predecessors in title or grantors of appellee Clark had committed any waste upon the lands, and the instruction therefore could not have been prejudicial, if erroneous.   The appellants attempted to introduce some testimony about the cutting and removing of certain timber from the lands after the tax sale thereof, but upon the witness stating that he did not know by whom it was cut, the court excluded the testimony.   No other testimony being offered attempting to connect the appellee or his grantors with the cutting and removal of the timber, no error was committed in the rejection of said testimony.   The appellee being in possession of lands under color of title was entitled to recover the value of the improvements placed thereon by his predecessors in possession and grantor, as held in *McDonald* v. *Rankin,* 92 Ark. 173, 122 S. W. 88.

No question can be made here of appellants' right to recover only a certain interest in the lands because of the bar of the statute of limitations, appellee not having appealed from the judgment against him for the possession of the entire tract.

We find no error in the record and the judgment is affirmed.